[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 166)
This action arises out of a constructive trust action that the defendant, Zurich American Insurance Company,[1] caused to be brought against the plaintiff, Josephine Infante.[2] In the amended complaint in the present action, the plaintiff alleges the following facts. In 1986, the plaintiff's husband, Michael C. Infante[3] was seriously injured in an automobile accident, which he claimed occurred while he was acting in the scope of employment with his employer, Mansfield Construction Company (Mansfield). At the time of the accident, the defendant provided workers' compensation insurance coverage to Mansfield. Michael Infante filed a claim for workers' compensation benefits with the defendant for the injuries he incurred in the accident, and the defendant began to pay him these benefits. Michael Infante also initiated a lawsuit against the driver of the other vehicle involved in the accident, Gregory Bura. The plaintiff brought a separate lawsuit against Bura for loss of consortium, and her suit was later consolidated with that of her husband. The defendant caused Mansfield to intervene in the consolidated action to recover the amount of workers' compensation benefits the defendant had paid to Michael Infante. The plaintiff settled her lawsuit against Bura and both the plaintiff and her husband withdrew their actions against Bura, however, Manfield's claim against Bura remained pending.
The defendant caused Mansfield to implead the plaintiff back into the suit on the basis that Bura's payment to the plaintiff to settle her claim for loss of consortium resulted in the creation of a constructive trust for the benefit of Michael Infante and the amount of that payment should be made available to the defendant to reimburse it for the workers' compensation benefits it paid on behalf of Michael Infante. Prior to trial of the suit, the constructive trust action was severed from Mansfield's action against Bura. The action against Bura was tried to a jury and in May, 1993, the jury rendered a verdict in favor of Bura. In response to an interrogatory inquiring whether Michael Infante's accident "occurred out of and in the course of or incidental to employment," the jury answered "No." The plaintiff alleges that the defendant caused Mansfield to continue to pursue the constructive trust action despite the jury's finding, Connecticut case law on point, and the fact that the settlement at issue was between a tortfeasor and an CT Page 7831 employee's wife, not an employee. Just prior to trial of the constructive trust action, the defendant instructed Mansfield to withdraw the action. The plaintiff alleges that the defendant pursued the action against her to extort money from her and to force her to pay money that she did not have an obligation to pay.
On October 3, 1995, the plaintiff commenced the present action. In her initial three count complaint, she asserted claims against the defendant for abuse of process, violation of the Connecticut Unfair Trade Practices Act (CUTPA) and intentional infliction of emotional distress. In her amended three count complaint, which she filed on July 31, 1998, the plaintiff asserts claims against the defendant for abuse of process and vexatious litigation under General Statutes § 52-568 (first count) violation of CUTPA (second count) and intentional infliction of emotional distress (third count). The defendant filed an answer and special defenses in which it asserts, inter alia, special defenses of limitations, advice of counsel and the law of the case. The plaintiff filed a reply summarily denying the defendant's special defenses.
The defendant filed a motion for summary judgment on the grounds that the plaintiff's claims are barred by the applicable statutes of limitation, the defendant is shielded from liability for vexatious litigation because it acted on advice of counsel and the plaintiff cannot establish the required elements of her claims. The plaintiff filed an objection to the motion in which she asserts that the court has already ruled on the issues raised by the defendant in the context of a previous motion for summary judgment and the court's ruling on that motion is the law of the case. In addition, the plaintiff asserts that her claims are not bared by limitations and that she has established that there are genuine issues of material fact on the question of whether the defendant relied on the advice of counsel, and on the required elements of her claims. Both parties filed memoranda, affidavits and various documents in support of their respective arguments.
 DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the CT Page 7832 existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
The defendant asserts that the plaintiff's claims are barred by the applicable statutes of limitation. The defendant contends that each of the plaintiff's claims are subject to statutes of limitation that require the plaintiff to commence suit within three years of the date of the conduct that forms the basis for the claim. The defendant argues that because the conduct upon which the plaintiff premises her claims is Mansfield's conduct in filing the constructive trust action against her and this occurred on July 15, 1992, the plaintiff's claims are time barred because she did not file this lawsuit until September 27, 1995,[4] more than three years later. In opposition, the plaintiff argues that her vexatious litigation claim is not time-barred because the statute of limitations on this claim does not begin to run until the vexatious litigation terminates, which in this case occurred in March, 1995, when Mansfield withdrew its action against her. As to her CUTPA and intentional infliction of emotional distress claims, the plaintiff contends that the defendant engaged in a continuing course of conduct pursuant to which the applicable statutes of limitations did not begin to run until Mansfield withdrew its action against her.
It is well settled that "summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci,238 Conn. 800, 806, 679 A.2d 945b (1995). "Summary judgment, however, is only appropriate on statute of limitations grounds when material facts concerning the statute of limitations are not in dispute." Burns v.Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). The date the alleged tortious conduct occurred and the date the action was commenced are material facts. See Collum v. Chapin, 40 Conn. App. 449, 451,671 A.2d 1329 (1996).
Claims for vexatious litigation are subject to the statute of limitations found in General Statutes § 52-577. Heid v. Lyons, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338856 (November 16, 2000, Melville, J.). Section 52-577 provides, in pertinent part, that: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs. . . . When conducting an analysis under § 52-577, the only material to the trial court's CT Page 7833 decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Citations omitted; internal quotation marks omitted.) Collum v. Chapin, supra, 40 Conn. App. 451. The issue, therefore, is what conduct constitutes "the act or omission complained of" in the context of the plaintiff's claim of vexatious litigation.
The vexatious litigation statute, General Statutes § 52-568, provides, in pertinent part: "Any person who commences and prosecutes any civil action or complaint against another . . . (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages." (Emphasis added.) The term "prosecute" is defined as follows: "To follow up; to carry on an action or other judicial proceeding. . . . To `prosecute' an action is not merely to commence it, but includes following it to an ultimate conclusion;" Black's Law Dictionary (6th Ed. 1990); "[t]o maintain rather than to commence or begin an action." Ballentine's Law Dictionary (3d Ed. 1969). As noted by the court in ruling on a previous motion for summary judgment in this case, "[w]hile a vexatious suit action is usually brought for wrongful initiation of a civil proceeding, it also applies to wrongful continuation of a lawsuit. 3 Restatement (Second), Torts § 674)]." Infante v. Zurich American Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327422 (May 27, 1998, Thim, J.); see also DeLaurentis v. New Haven, 220 Conn. 225, 248,597 A.2d 807 (1991) ("[m]ost courts now agree with the Restatement (Second) of Torts, § 680, which permits liability for vexatious `initiation, continuation or procurement of civil proceedings against another. . . .'"). "The act of maintaining a vexatious suit beyond three years from its commencement could be a bad act that itself, is the `act or omission complained of' for purposes of § 52-577 in the context of § 52-568." Shea v. Chase Manhattan Bank, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149647 (July 27, 2000, Tierney, J.) (27 Conn.L.Rptr. 579, 582); see also Heid v. Lyons, supra, Superior Court, Docket No. 338856.
Therefore, the statute of limitations for a cause of action for vexatious litigation begins to run on the date the defendant engages in vexatious conduct, which may be the date the defendant commences the suit, if it does so without probable cause, or the date the defendant begins to carry on or maintain the suit without probable cause.
Although the defendant argues that the statute should begin to run on the date it commenced the constructive trust action, the defendant also insists that it had probable cause to commence the action. Moreover, in its previous decision in this case, the court noted, "it appears that CT Page 7834 Zurich has demonstrated probable cause to initiate the claim against Josephine Infante even though there was no clear legal remedy. Whether there was probable cause to continue the litigation presents another issue." Infante v. Zurich American Ins. Co., supra, Superior Court, Docket No. 327422. The court concluded that "there exists a question of fact as to whether Zurich wrongfully continued the lawsuit." Id. In the context of the present motion, there is a question of fact as to the date the defendant first lacked probable cause to continue the lawsuit. For example, the plaintiff presented evidence that Mansfield continued to pursue its action against her after May, 1993, when the jury in Mansfield's action against Bura determined that Michael Infante was not in the course of employment at the time of the accident. (Plaintiff's Memorandum, Exhibit A, ¶¶ 16, 17; Exhibit I, ¶¶ 9, 10.) If that was the date that the defendant first lacked probable cause to pursue its claim, the plaintiff's action would not be time barred. Accordingly, the plaintiff has presented sufficient evidence to show that there is a genuine issue of material fact as to the date on which the statute of limitations on the claim of vexatious litigation began to run.
In the alternative, the defendant contends that even if the court determines that the statute of limitations on this claim did not begin to run until March, 1995, when Mansfield withdrew its action against the plaintiff, her claim is time-barred because the plaintiff did not commence her claim for vexatious litigation until she filed her amended complaint on July 30, 1998. The plaintiff counters that this claim is not time-barred because it relates back to her original complaint, which was commenced on October 3, 1995.
"Amendments relate back to the date of the complaint unless they allege a new cause of action." Keenan v. Yale New Haven Hospital, 167 Conn. 284,285, 355 A.2d 253 (1974). "If a new cause of action is alleged in an amended complaint, it will speak as of the date when it is filed."Connecticut National Bank v. D'Onofrio, 46 Conn. App. 199, 208,699 A.2d 237, cert. denied, 243 Conn. 926, 701 A.2d 657 (1997). According to the Connecticut Supreme Court, "our relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: . . . `Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.' Giglio v.Connecticut Light Power Co. [180 Conn. 230, 239-40, 429 A.2d 486
(1980)]. . . . The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." Gurliacci v. Mayer, 218 Conn. 531,547, 590 A.2d 914 (1991). "Our state law with respect to relation back CT Page 7835 theory supports the Second Circuit's view that changes in legal theories do not create different causes of action." Grimes v.Housing Authority,242 Conn. 236, 248, 698 A.2d 302 (1997). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242,264-65, 654 A.2d 748 (1995). "Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." Daoust v. McWilliams, 49 Conn. App. 715, 722,716 A.2d 922 (1998).
In the present case, in the amended complaint, the plaintiff relies upon the same facts to support her claim of vexatious litigation that she relied on in her initial complaint to support her claim of abuse of process. Indeed, the factual allegations she makes in the first count of the amended complaint are identical to the factual allegations she made in the first count of the original complaint. Although the plaintiff's claims for relief are different, the cause of action remains essentially the same. Furthermore, in ruling on the defendant's motion for summary judgment on the plaintiff's original complaint, the court initially analyzed the first count as a claim for abuse of process, found that the plaintiff failed to provide evidence of the element of intent, then analyzed it as a claim for vexatious litigation and found that the plaintiff "sufficiently alleged the elements of a claim for vexatious litigation. . . ." Infante v. Zurich American Ins. Co., supra, Superior Court, Docket No. 327422.
The defendant attempts to distinguish the claims the plaintiff made in the original and amended complaints on the basis that in the amended complaint, she asserts a statutory claim and, to the extent that the plaintiff asserted a vexatious suit claim in her original complaint, she did so under common law. Although the defendant maintains that the elements of a statutory claim are different from those of a common law claim, it does not cite to any authority for this argument. In fact, the Appellate Court has stated that "[t]he elements of a common-law or statutory cause of action for vexatious litigation are identical." NorseSystems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 596,715 A.2d 807 (1998). Therefore, the court finds that the plaintiff's vexatious litigation claim relates back to her original complaint.
The defendant also contends that the plaintiff's other claims are barred by the applicable statutes of limitation. According to the CT Page 7836 defendant, the plaintiff's claim for abuse of process arises from the service of process that was made on the plaintiff in Mansfield's constructive trust action and occurred more than three years before the plaintiff commenced her original complaint. The plaintiff does not respond to this argument. A claim for abuse of process is governed by the statute of limitations set out in General Statutes § 52-577, and thus is time-barred unless it is commenced within three years of the date of the conduct upon which it is based. See Daoust v. McWilliams, supra,49 Conn. App. 720. The plaintiff bases her abuse of process claim on the constructive trust action. The evidence indicates that this action was filed in July, 1992. (Defendant's Memorandum, Exhibits A and G, ¶ 7.) The plaintiff did not commence this action until October 3, 1995. It is therefore apparent that the plaintiff's claim for abuse of process is barred by the statute of limitations.
The plaintiff's claim for intentional infliction of emotional distress is also governed by the statute of limitations set out in § 52-577. See Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 441, 551 A.2d 1220
(1988) (section 52-577 applies to all tort actions unless specifically excluded by statute). The plaintiff's claim for violation of CUTPA is governed by the statute of limitations set out in General Statutes §42-110g(f), which provides, in pertinent part: "An action . . . may not be brought more than three years after the occurrence of a violation of this chapter." This statute is also an occurrence statute and the three year period begins to run from the date that the violation occurs, and not from the date that the plaintiff discovers the violation. See WillowSorings Condominium Assn., Inc. v. Seventh BRT Development Corp.,245 Conn. 1, 45-46, 717 A.2d 77 (1998).
According to the amended complaint, the plaintiff's intentional infliction of emotional distress and CUTPA claims are also premised on the defendant's conduct in causing Mansfield to bring the constructive trust action against her and/or in continuing to maintain the action after the judgment was entered in Mansfield's suit against Bura, which occurred in May, 1993. The defendant again argues that the three year statutes of limitation applicable to these claims began to run in July, 1992, when Mansfield commenced the constructive trust action, and that the claims are barred because the plaintiff did not bring her original complaint within three years thereof. The plaintiff contends that the conduct that forms the basis for these claim began on the date that the defendant knew or should have known that its constructive trust action was meritless and decided, nevertheless, not to withdraw it. It appears to the court that the plaintiff's argument is more persuasive, especially given the defendant's insistence that it had probable cause to initiate the constructive trust action. As noted above, there is a genuine issue of material fact as to the date that the defendant knew or should have CT Page 7837 known that it lacked probable cause to proceed in the action.
Because there are material issues of fact in dispute as to the date on which the statutes of limitation began to run, the defendant's motion for summary judgment on the plaintiff's vexatious litigation, intentional infliction of emotional distress and CUTPA claims on the ground of limitations[5] is denied. As for the defendant's motion for summary judgment on the plaintiff's claim for abuse of process, said motion is granted.
The defendant also contends that it is entitled to summary judgment on the plaintiff's claim for vexatious litigation because it relied on the advice of counsel in prosecuting the constructive trust action. The plaintiff counters that summary judgment is not appropriate because genuine issues of material fact exist on this issue.
"Advice of counsel is a complete defense to an action of . . . vexatious suit when it is shown that the defendant . . . instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing. The fact that the attorney's advice was unsound or erroneous will not affect the result." Vandersluis v. Weil, 176 Conn. 353,361, 407 A.2d 982 (1978). If the doctrine of advice of counsel applies, "it is considered conclusive of the existence of probable cause . . . in an action for vexatious suit." (Internal quotation marks omitted.) Heidv. Lyons, supra, Superior Court, Docket No. 338856. "[T]he defense [of advice of counsel] has five essential elements. First, the defendant must actually have consulted with legal counsel about his decision to . . . institute a civil action. . . . Second, the consultation with legal counsel must be based on a full and fair disclosure by the defendant of all facts he knew or was charged with knowing concerning the basis for his contemplated . . . action. . . . Third, the lawyer to whom the defendant turns for advice must be one from whom the defendant can reasonably expect to receive an accurate, impartial opinion as to the viability of his claim. . . . The fourth element . . . is, of course, that the defendant, having sought such advice, actually did rely upon it. . . . Fifth and finally, if all other elements of the defense are satisfactorily established, the defendant must show that his reliance on counsel's advice was made in good faith." (Internal quotation marks omitted.) Spear v. Summit Medical Center, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525939 (April 16, 1998, Sheldon, J.). The plaintiff argues that the evidence presented by the defendant fails to show that there is no genuine issue of material fact as to the second, third, fourth and fifth elements of this defense.
The defendant submitted three affidavits in support of its motion for CT Page 7838 summary judgment: one from Helen DeWald, a supervisor who was responsible for handling Michael Infante's workers' compensation claim; one from Francis J. Carr, its assistant vice president and manager of workers' compensation claims; and one from James G. Williams, the attorney who, with his firm, advised and represented the defendant in regard to the constructive trust action. (Defendant's Memorandum, Exhibits G, H, and I, respectively.) As to the second element, in their affidavits, DeWald and Carr fail to attest that they fully and fairly disclosed all the facts relevant to the constructive trust claim to their attorney, nor do they or Williams attest to what information they did disclose. Therefore, there is a genuine issue of material fact as to the second element of the defense of advice of counsel. See Taylor v. Convent ofSaint Birgitta, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164709 (September 8, 2000, Karazin, J.); Andreo v.Sakon, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536992 (June 10, 1996, Hennessey, J.) (17 Conn.L.Rptr. 223, 224).
In addition, as to the fourth, or reliance element, Carr attested that Williams advised the defendant to implead the plaintiff into the Bura action on the basis of constructive trust and that the defendant relied on this advice in so doing. (Defendant's Memorandum, Exhibit H, ¶¶ 4, 5.) According to DeWalt, the defendant impleaded the plaintiff in July, 1992. (Defendant's Memorandum, Exhibit G, ¶ 7.) In his deposition, however, which was taken in May 23, 1996, Carr testified that he first became aware of the constructive trust action the previous day. (Plaintiff's Memorandum, Exhibit K, pp. 66-67.) He also attested that the defendant did not explicitly discuss the merits of the constructive trust action with its attorney after the May, 1993 jury finding that Michael Infante had not been injured in the scope of his employment. (Defendant's Memorandum, Exhibit H, ¶ 6.) Therefore, there is a genuine question of material fact on the issue of whether the defendant relied on the advice of counsel in deciding to pursue its constructive trust action. See Heid v. Lyons, supra, Superior Court, Docket No. 338856; Crocco v.Certilman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150150 (April 1, 1997, D'Andrea, J.).
The defendant also contends that it is entitled to summary judgment on each of the plaintiff's claims because she cannot establish the elements thereof. "The elements of a common-law or statutory cause of action for vexatious litigation are identical." Norse Systems, Inc. v. TingleySystems, Inc., supra, 49 Conn. App. 596. This is particularly true when, as here, the plaintiff is seeking treble damages under § 52-568, which can only be recovered if the plaintiff proves the defendant acted with malice. "To establish [this] cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the CT Page 7839 plaintiff's favor." (Internal quotation marks omitted.) Ancona v. ManafortBrothers, Inc., 56 Conn. App. 701, 708, 746 A.2d 184, cert. denied,252 Conn. 954, 749 A.2d 1202 (2000).
As to the element of probable cause, the defendant initially argues that the plaintiff is required to prove that the defendant lacked probable cause both in initiating and continuing the action against her. The defendant contends that it is entitled to summary judgment pursuant to the law of the case because in a previous ruling in this case, the court found that the defendant had probable cause to initiate the constructive trust action.[6] This argument fails for two reasons. First, as previously explained, a claim of vexatious litigation may lie where the plaintiff can prove that the defendant either initiated or continued a suit without probable cause.[7] Infante v. Zurich AmericanIns. Co., supra, Superior Court, Docket No. 327422. Second, to the extent that the defendant raises the doctrine of the law of the case, the court notes that in the ruling the defendant relies on, the court, Thim, J., stated that although "it appears that Zurich has demonstrated probable cause to initiate the claim against Josephine Infante. . . . this court cannot find Zurich has met its burden of showing that it is quite clear that it had probable cause to continue the civil proceeding after the adverse jury verdict and the filing of a motion for summary judgment." Id. The court held that "there exists a question of fact as to whether Zurich wrongfully continued the lawsuit." Id. According to the law of the case, "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Internal quotation marks omitted.) Carothers v. Capozziello, 215 Conn. 82, 107,574 A.2d 1268 (1990). The court holds that the court's prior determination that a question of fact exists as to whether the defendant had probable cause to continue the constructive trust action was correct. "Whether the facts are sufficient to establish the lack of probable cause is a question ultimately to be determined by the court, but when the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law." DeLaurentis v. New Haven, supra, 220 Conn. 252-53. Moreover, the defendant has not presented the court with any new or overriding circumstances that would compel the court to decide the issue differently. "Under such circumstances, this court will not adopt a CT Page 7840 position contrary to the earlier ruling in this case on the same issue."Chertkova v. Connecticut Speciality, Orion Capital Corp. Superior Court, judicial district of New Britain, Docket No. 486347 (April 14, 2000,Graham, J.). Accordingly, the defendant's motion for summary judgment on the plaintiff's claim for vexatious litigation is denied.
As to the defendant's contention that the plaintiff cannot establish the element of her CUTPA claim, the defendant notes that this claim is also based on the defendant's conduct in prosecuting the constructive trust action. The defendant reasons that this claim fails because it had a reasonable good faith basis for maintaining the constructive trust action. As genuine issues of material fact exist on the question of whether the defendant had probable cause to maintain the constructive trust action, the motion for summary judgment on the plaintiff's CUTPA claim is denied.
The defendant maintains that it is entitled to summary judgment on the plaintiff's claim for intentional infliction of emotional distress because the plaintiff cannot present evidence sufficient to satisfy the elements of this claim. The plaintiff counters that summary judgment should be denied because there are genuine issues of material fact as to these elements.
"In order for the plaintiff to prevail in a case for liability . . . [for intentional infliction of emotional distress], four elements must be established, it must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059 (2001). The defendant maintains that the plaintiff fails to provide evidence as to each of these elements.
As to the second element, the defendant contends that the plaintiff cannot establish that it engaged in conduct that was extreme and outrageous and argues that the filing of a lawsuit cannot support a claim for intentional infliction of emotional distress. The plaintiff disputes this contention and adds that its claim is also premised on the defendant's conduct in continuing to prosecute its constructive trust action even after it knew or should have know that its action lacked merit.
As to this element. "[l]iability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually CT Page 7841 tolerated by decent society. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!' . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based on intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Id., 210-11.
Statements made "in pleadings or in court . . . cannot independently be made the basis for an action . . . [for] intentional infliction of emotional distress." DeLaurentis v. New Haven, supra, 220 Conn. 264. Nonetheless, a party's conduct in prosecuting a vexatious suit founded on baseless allegations may support such a claim, "if the other requirements for an emotional distress action were met." Id., 266. In this case, although the plaintiff presents evidence that she was distressed by the existence of the constructive trust action; (Plaintiff's Memorandum, Exhibit A, ¶ 14, Exhibit D); the plaintiff fails to provide evidence that the defendant, in the course of maintaining the suit, engaged in conduct that was extreme and outrageous. Conduct that is "distressing and hurtful to the plaintiff" is not necessarily extreme and outrageous.Appleton v. Board of Education, supra, 254 Conn. 211. Therefore, the defendant's motion for summary judgment on the plaintiff's claim for intentional infliction of emotional distress is granted.
 CONCLUSION
The defendant' motion for summary judgment on the plaintiff's claim for vexatious litigation and a violation of CUTPA is denied, and the defendant's motion for summary judgment on the plaintiff's claims for abuse of process and intentional infliction of emotional distress is granted.
SKOLNICK, J.